

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

May 26, 1971

Hon. Burton G. Hackney
Commissioner, State Department
  of Public Welfare
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-873

Re: Travel expenses of em-
    ployees of the State
    Department of Public
    Welfare.

Dear Mr. Hackney:

Your request for an opinion states the following:

"The vast majority of the employees of
the State Department of Public Welfare who
travel are Public Welfare Workers who make
visits to the homes of the recipients for the
purpose of rendering some service or determining
eligibility for one of the assistance programs
administered by the Department. Many of the
recipients are extremely aged, blind, disabled,
or families with minor children.

"It is not uncommon for the employees, par-
ticularly those engaged in protective services
for children, to be called from their homes on
holidays, or weekends or at night when the office
is closed in order that they may make contacts
with some of the recipients who are confronted
with an emergency or to render a protective
service on behalf of a child, such as to pick
up a child who has been abandoned, accompany a
police officer to the home of a child who has
been abused, etc.

"For many years the employees traveling
under these circumstances have been claiming
reimbursement for travel using their home as
the point of departure rather than making an
unnecessary trip by their office. On regular
working days during office hours, the employees

-4255-

are expected to travel at their own expense
from their homes to the headquarters or build-
ing where the office is located and to depart
from the headquarters. However, in after office
travel of an emergency nature, this would be
completely unnecessary and might even defeat
the purpose of the emergency trip if it should
become necessary for them to go by the head-
quarters office in order to be able to be re-
imbursed for travel.

"Very recently this Department has been in-
formed by the State Comptroller's Department that
the Comptroller will no longer reimburse the workers
for the mileage from their homes to an address on
emergency calls. He says that the only travel
which is reimbursable is mileage from the designated
headquarters to an address and that this rule applies
to emergency calls on weekends and holidays and before
or after hours.

"It is our interpretation of the law that it
is the intent of the Legislature that employees be
reimbursed for legitimate travel incurred in the
course of official business. We request that you
please review this situation and give us your opinion
on the following:

"May the workers of the State Department of
Public Welfare receive travel reimbursement in
emergency situations as described above on week-
ends, holidays and before and after working hours
when the place of departure and final destination is
their home instead of their designated office head-
quarters?"

Section 8 of Article 6823a, Vernon's Civil Statutes
(Travel Regulations of 1959) expressly states:

"An employee whose duties customarily
require travel within his designated head-
quarters may be authorized a local transporta-
tion allowance for this travel. Such allowance,
however, shall never exceed the transportation
allowance for use of a privately owned auto-
mobile as set by the Legislature in the General

Appropriation Acts."

Subdivision b of Section 6 reads:

"b. Standard expense account forms shall be used by all state agencies in preparing the expense accounts for traveling state employees. Such forms shall contain information stating (1) the point of origin and the town, place or point of destination of each trip and the reimburseable mileage travelled between each point, town, or place. This provision shall also apply to intra-city mileage; (2) the actual period of time the employee is away from his designated headquarters entitling him to travel expenses; and (3) a brief statement which clearly shows the purpose of the trip and the character of official business performed."

Subdivision c of Section 6 provides, in part:

"c. In determining transportation reimbursement for travel by private conveyance, the Comptroller shall base reimbursement on the mileage by shortest highway distance between point of origin and the destination via intermediate points at which official state business is conducted and other necessary mileage at points where official state business is conducted. In determining the amounts of reimbursement for transportation by personal car within the State, the Comptroller shall compute all distances according to the shortest route between points. . . ."

It is noted that the above quoted provisions of Article 6823a specifically recognize that it will be necessary for certain employees on specific occasions to travel on official State business between points in the same city, whether that city be the headquarters city or some other city. Normally, an employee's home is not a departure or destination point, but rather the departure and destination point is the employee's designated headquarters. However, under the facts submitted by you, it is necessary for certain employees of the State Department of Public Welfare to engage in official travel originating from their place of residence and incur

intra-city mileage in performance of their duties. Article 6823a specifically authorizes reimbursement for this travel.

In answer to your question, you are therefore advised that employees of the State Department of Public Welfare are entitled to receive travel reimbursement in the emergency situations described in your request when the place of departure and final destination is the employee's home instead of their designated official headquarters, which is the place properly designated from which an employee may operate officially in the performance of his contemplated duties. See Attorney General Opinions Nos. V-461 (1947), O-3008 (1941) and S-21 (1953). This opinion is limited to the facts outlined in your request and will not necessarily apply to other factual situations, for the reason that normally an employee's home is neither a departure nor a destination point; rather, normally a departure and destination point is the employee's official headquarters.

### S U M M A R Y

Where an employee of the State Department of Public Welfare engaged in protective services for children is called from his home, either on holidays or weekends or at night, when the employee's designated headquarters is closed, in order that he make contacts with some of the recipients who are confronted with an emergency or to render protective service on behalf of an abandoned or an abused child, such employee is engaged in official travel and entitled to reimbursement for mileage from his home and return.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William Craig
James Quick
David Longoria
Kenneth Nordquist

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant